*IN*

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

EASTERN DISTRICT, JUNE TERM, 1826.[*]

---

## URE & AL. vs. CURRELL.

APPEAL from the court of the fourth district.

An agent who acts without authority does not bind his principal, although the act was done with an intention to benefit him.

MATHEWS, J., delivered the opinion of the court. This suit is commenced on an account, by some of the partners of a commercial firm, against their co-partner. Their claim is founded, according to the allegations in the petition, on items erroneously stated, and admitted to their prejudice in a final settlement of the affairs of the concern, made between them and the defendant, by deed or indenture, executed in the month of October, 1822. During

---

[*] These cases were decided in January, and accidentally omitted.

the progress of the cause in the court below, some of the matters in dispute were submitted to a referee, whose report seems to have been adopted without opposition, and must be considered as conclusive in relation to the subjects referred. The only thing which remains to be investigated is a claim of $1467 13, which was, in addition to the sum allowed by the referee, adjudged by the district court to the plaintiffs; from this judgment the defendant appealed.

The amount now in contestation, appears on a balance sheet, in reference to which the act of settlement was made, (as above stated) as a debt due from John Davidson to the firm of Currell. Ure, Donald, & Co. In that settlement, which had for its object a final adjustment and determination of all things relating to the co-partnership, it appears that the plaintiffs, in consideration of certain sums of money paid, or to be paid to them by the defendant, took upon themselves the whole concern, in relation to property, credits, and debts. The evidence of the case shows, that Davidson is placed as debtor to the firm, in consequence of payments made by them, for

his benefit, as sureties on custom-house bonds; which payments, it is alleged, were made in error, as they were under no obligation either legal or equitable to make them; but that if the signature to said bonds created any obligation on the part of the sureties, it attached to Currell & Co. a new co-partnership, formed after the dissolution of that above stated.

The facts to be considered, necessary to a correct decision of the cause, are as follows: the dissolution of the partnership of Currell, Ure, Donald, & Co. took place in 1819, and notification of it was given in Great Britain in November, 1820; but in New-Orleans not untill October, 1821. Malcolm Nicholson, a principal witness in the case, was authorised, by a power of attorney, to sign any instruments that might be necessary to carry on the affairs of the firm, for, and in the name of Currell, Ure, Donald & Co. At the time the custom-house bonds were signed, which make a part of the evidence in this suit, he had no power to act for the new firm of Currell & Co., in affixing their signature to obligatory writings. In consequence of this want of power or authority, he entered goods at the custom-house, in the name of Currell, Ure, Donald &

East'n. District,
*June,* 1826.

URE & AL.
*vs.*
CURRELL

Co., which were in reality consigned to Currell & Co., and gave bonds for the duties, in the names of the former company, in which Davidson became surety. In reciprocation, Malcom Nicholson signed their names, as sureties, to the bonds of Davidson, which were paid off and discharged by them, leaving the principal their debtor, to the amount of the item now claimed from the defendant.

The main question arising out of this statement of facts, is whether the firm of Currell, Ure, Donald, & Co. or that of Currell & Co. took on themselves the risk of this suretyship.

It is evident that the agent in this business knew that he was acting without authority, or under a void power; as that derived from the firm necessarily became null, on its dissolution, at least in relation to those persons who were acquainted with that event, however it may have authorised him to bind his constituents, in contracts with those who did not nor could not know of the revocation of his power. By the act of Nicholson, Currell, Ure, Donald, & Co. were perhaps legally bound to pay the duties secured by the bonds of Davidson; because the collector had no knowledge of the nullity of the authority under which he

assumed to act; but having knowingly acted without authority, and against the interest of those for whom he assumed power, he might probably be held responsible to them in damages. Currell & Co. are in no manner legally bound by the act of the agent, in signing the bonds; for it is not pretended that he was in any shape authorised by them prior to this assumed agency. But it is contended for the plaintiffs, that the defendant has subsequently ratified and sanctioned the acts of the attorney, and thereby made himself liable for contracts thus entered into by him. We look in vain for any evidence on the record, which establishes an express ratification of Nicholson's acts, as obligatory on the appellant; and it cannot fairly be implied from silence, because, opposed to such implication, is his conduct in placing Davidson as a debtor to the old concern, in consequence of the payment made by them for his benefit.

Admitting that the defendant is under no legal obligation to refund to the plaintiffs the sums by them paid, in discharge of the bonds above stated; they say that he is bound in equity and good faith, to bear the loss occasioned by their suretyship, as it was entered

East'n. District
*June,* 1826.

URE & AL.
*vs.*
CURRELL.

into for his accommodation and benefit. If, for the sake of argument, we allow this to be true, it would only create an imperfect obligation, not to be enforced by a court of justice. But how he has profited by the event is difficult to perceive: he may, and probably did, profit by the act of Nicholson, in giving bonds for the duties on the goods consigned to Currell & Co., in the names of the old firm: about these there is no question. In what manner can he be said to have profited by the engagement entered into for Davidson's benefit? not by being obliged to bear the loss which will probably be suffered, in consequence of the inability of the principal to refund to the sureties. This loss was not occasioned by any act of the defendant, or other person authorised by him. He is not enriched by the transaction, at their expense; for the supposed benefit which he may have derived from the circumstance of entering at the custom-house the goods consigned to his new firm, in the name of the old, then extinct, has a bearing too remote, if any, to be considered in relation to the present dispute.

It is therefore ordered, adjudged and de-

URE & AL.
*vs.*
CURRELL.

creed, that the judgment of the district court be avoided, reversed, and annulled; and it is further ordered, adjudged and decreed, that the plaintiffs do recover from the defendant $607 1; and that the plaintiffs and appellees pay the costs of this appeal.

*Eustis* for the plaintiffs, *Workman* for the defendant.